IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDRE NATHANIEL JACKSON,

               Plaintiff,

    v.                                             OPINION and ORDER

C/O NICHOLAS GARD, C/O BENJAMIN THIELEN,        26-cv-30-jdp
and C/O SOLOMON BOATENG,

               Defendants.

---

Plaintiff Andre Nathaniel Jackson is a prisoner proceeding without counsel. I have allowed him to proceed on claims under the Eighth Amendment that correctional officers used excessive force against him and failed to protect him from a knife attack by another prisoner. Dkt. 13.

Jackson has submitted a letter in response to the court's screening order. Dkt. 15. Jackson does not expressly ask for any relief in his letter, but he seems to be seeking reconsideration of two aspects of the screening order. First, he says that the Fourteenth Amendment should apply to his failure-to-protect claims. Second, he wishes to assert a claim that Benjamin Thielen "allowed Harmon to move around freely with a knife." Dkt. 15, at 2. I will deny the motion for reconsideration on both issues.

As for which constitutional amendment applies to a failure-to-protect claim, there is no amendment that expressly refers to an officer's duty to protect prisoners. But it is well established that the Eighth Amendment applies to such claims when they are asserted by a convicted prisoner like Jackson. Jackson is correct that the Eighth Amendment applies to "cruel and unusual punishment," so it may not be obvious that the Eighth Amendment should govern a correctional officer's duty to protect one prisoner from another. But the Supreme Court has

explained that a prisoner's treatment in prison is part of his punishment, and a failure to protect a prisoner from known risks of serious harm can qualify as cruel and unusual under certain circumstances. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994).

Jackson may have come across case law that applies the Due Process Clause in the Fourteenth Amendment to failure-to-protect claims. *See, e.g.*, *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). But those are cases brought by detainees who are awaiting trial. The Supreme Court has held that the Eighth Amendment applies only after a conviction, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), so the Due Process Clause governs the treatment of pretrial detainees, *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979). Jackson is a prisoner at Columbia Correctional Institution, so the Eighth Amendment applies to his claims.

As for Jackson's allegation that Thielen "allowed Harmon [the prisoner who attacked Jackson] to move around freely with a knife," I dismissed that claim in the screening order because "Jackson doesn't identify anything more that Thielen could have done to restrain Harmon on his own. In fact, Jackson admits that Thielen tried to block Harmon's attacks by standing in between Harmon and Jackson." Dkt. 13, at 4. Jackson's letter includes no new allegations suggesting that Thielen could have stopped Harmon sooner than he did, so I will not allow Jackson to proceed on his claim.

One final point. Jackson's letter includes what he calls an "overview of the claims." That overview does not include one of the claims on which I allow Jackson to proceed: that Thielen used excessive force on Jackson by spraying him with OC spray. If Jackson does not wish to assert that claim, he should inform the court in writing that he wishes to remove that claim from the case.

ORDER

IT IS ORDERED that Andre Nathaniel Jackson's letter, Dkt. 15, construed as a motion for reconsideration, is DENIED.

Entered April 6, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3