IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDRE NATHANIEL JACKSON,

             Plaintiff,

    v.                                                           OPINION and ORDER

C/O NICHOLAS GARD, C/O BENJAMIN THIELEN,                       26-cv-30-jdp
and C/O SOLOMON BOATENG,

             Defendants.

---

Plaintiff Andre Nathaniel Jackson is a prisoner proceeding without counsel. I have allowed him to proceed on claims under the Eighth Amendment that correctional officers used excessive force against him and failed to protect him from a knife attack by another prisoner. Dkt. 13.

Jackson has filed two documents: (1) his third motion for consideration of the screening order, Dkt. 21; and (2) a letter addressed to the court of appeals that has been forwarded to this court, Dkt. 22. I will discuss both documents in turn.

A. **Motion for reconsideration**

Jackson's motion for reconsideration raises the same two issues as his previous motions for reconsideration: (1) the court applied the wrong legal standard to his claims; and (2) the court should not have dismissed his claim that Benjamin Thielen failed to protect him from an assault by another prisoner. Jackson makes some new arguments in his latest motion.

As for the legal standard, I applied the Eighth Amendment in the screening order. That amendment applies to claims brought by convicted prisoners, and I inferred that Jackson was a convicted prisoner because he is incarcerated at Columbia Correctional Institution. In his previous motions for reconsideration, Jackson contended that the Due Process Clause should

govern his claims, but he did not explain why. In his new motion for reconsideration, Jackson

argues for the first time that he should be classified as a pretrial detainee because he is awaiting

trial on a new charge. But Jackson admits that his parole has already been revoked, Dkt. 21, at

1, which means that he is incarcerated based on a crime for which he has already been

convicted. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 593 (7th Cir. 2003) (noting that it is an

open question whether the Eighth Amendment or Fourteenth Amendment applies to a prisoner

on a probation *hold*, but assuming that the Eighth Amendment would apply after probation is

revoked); *Coleman v. Bailey*, No. 18-cv-732-jdp, Dkt. 6, at 2 (applying Eighth Amendment to

prisoner whose parole was revoked). It is irrelevant that Jackson is also awaiting trial on

additional criminal charges because Jackson would be incarcerated as a result of the probation

revocation regardless of whether he was awaiting trial. So I will deny this aspect of his motion

for reconsideration.

As for the failure-to-protect claim, Jackson contends that Thielen violated his rights by

failing to stop another prisoner from cutting him multiple times. In the screening order, I

dismissed this claim on the following grounds:

> Jackson doesn't allege that Thielen knew Harmon [the prisoner
> who assaulted Jackson] had a knife before he displayed it, and
> Jackson doesn't identify anything more that Thielen could have
> done to restrain Harmon on his own. In fact, Jackson admits that
> Thielen tried to block Harmon's attacks by standing in between
> Harmon and Jackson.

Dkt. 13, at 4.

In his motion for reconsideration, Jackson says that I was wrong to state that Thielen

did not know that Harmon had a knife because Jackson alleged that Thielen failed to stop

Harmon even after Harmon cut Jackson once. But I did not say otherwise in the screening

order. Rather, I stated that Jackson did not allege that Thielen knew about the knife "before

[Harmon] displayed it." In other words, Thielen could not have taken steps to prevent the assaults before Harmon entered the dayroom. Once Thielen knew that Harmon had a knife (because he began cutting other prisoners with it), Jackson admits that Thielen *did* take steps to protect him: Thielen physically placed his body in between Harmon and Jackson. That was already more than what the Constitution requires: a correctional officer is generally not required to put himself at risk to stop one prisoner from attacking another, especially when weapons are involved and the officer does not have the assistance of other officers. *See Davis v. Rook*, 107 F.4th 777, 782 (7th Cir. 2024); *Shields v. Dart*, 664 F.3d 178, 181–82 (7th Cir. 2011); *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007); *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002).

It is true that Thielen was unsuccessful in stopping Harmon from cutting Jackson again, but an officer does not violate the Constitution simply because he fails to prevent the harm. The question is whether he took some reasonable action. For example, in *Shields*, an officer did not violate a detainee's rights under the Due Process Clause when she failed to enter a dayroom to stop one detainee from attacking another; the court held that it was enough that the officer tried to help by promptly calling for back-up and monitoring the fight from a secure area until other officers arrived. 664 F.3d at 181–82. And in *Guzman*, an officer did not violate the Due Process Clause when he failed to tell a group of detainees to stop attacking the plaintiff; the court held that it was enough that the officer called for back-up instead. 495 F.3d at 858.

In this case, Thielen took reasonable action by trying to get between Harmon and Jackson. Jackson says that Thielen should have "tr[ied] to get the knife out [Harmon's] hands" or "place[d] inmate Harmon in handcuffs." Dkt. 21, at 2. But either of those actions could have placed Thielen in even greater danger, which the Constitution does not require. And even

3

if other, more effective options were available to Thielen, the law is clear that negligence is not enough to support an Eighth Amendment claim. *See Guzman*, 495 F.3d at 858. "[T]he mere failure of the prison official to choose the best course of action does not amount to a constitutional violation." *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005). So Jackson has not stated a claim against Thielen for failing to protect him from Harmon's assault, and I will deny his motion for reconsideration.

This is the third time that Jackson has sought reconsideration of the same issues in less than a month. If Jackson files any additional motions on the same issues, I will deny them without discussion.

## B.  Letter to the court of appeals

Jackson sent a letter dated April 8, 2026, to the Court of Appeals for the Seventh Circuit. The court of appeals forwarded the letter to this court. Dkt. 22.[1] The letter does not include a case caption or a title. But the letter repeats Jackson's reasons why he believes I was wrong to dismiss his failure-to-protect claim against Thielen, and he asks the court of appeals "to reach out to [this court] in regards of me having a fair trial with all defendants including Thielen." *Id.* at 3.

Jackson does not call his letter a notice of appeal, so I will not construe it as one. If Jackson wishes to appeal any of this court's decisions, he should file a document that is titled "Notice of Appeal." But the general rule is that a party may not appeal a decision of the district court until a final order is entered, *see* 28 U.S.C. § 1291; *Garrick v. Moody Bible Institute*, 95

---

[1] Presumably, the court of appeals sent Jackson's letter to this court because only one court can exercise jurisdiction over a case at a time, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), and the court of appeals could not take action on the letter because this court still has jurisdiction over the case.

4

F.4th 1104, 1109–10 (7th Cir. 2024), and I have not entered a final order in this case. Rather, I allowed Jackson to proceed on most of the claims in his complaint, and those claims are pending. If Jackson disagrees with any of this court's rulings, he may challenge all of those rulings in one appeal after judgment is entered.

In rare circumstances, a party may file what is called an "interlocutory appeal" before judgment is entered, but the party may proceed with that appeal only if the district court finds that "there is substantial ground for difference of opinion" on a "controlling question of law" and that an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. Regardless of whether this court concludes that an appellant satisfies the § 1292 standard, the appellant will owe the full appellate filing fee of $605 once he files a notice of appeal.

ORDER

IT IS ORDERED that Andre Jackson's motion for reconsideration, Dkt. 21, is DENIED.

Entered April 24, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge